**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

|   |   |
|---|---|
| MODERN TRADE COMMUNICATIONS, INC., ) ) ) | |
| Plaintiff, ) ) | C.A. No. 1:10-cv-05380 Hon. Rebecca R. Pallmeyer |
| v. ) ) | |
| PSMJ RESOURCES, INC., AND OSER COMMUNICATIONS GROUP, INC., ) ) ) | |
| Defendant. ) ) | |

**PSMJ RESOURCES' MEMORANDUM OF LAW
IN SUPPORT OF ITS RULE 12(b)(2) MOTION TO DISMISS
FOR LACK OF PERSONAL JURISDICTION OR TO TRANSFER**

Modern Trade Communications' complaint must be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction over PSMJ Resources, Inc. PSMJ's alleged conduct did not occur in Illinois, and PSMJ otherwise has insufficient ties with Illinois to support jurisdiction. Alternatively, under 28 U.S.C. §§ 1404 and 1406, this action should be transferred to the District of Massachusetts, where PSMJ resides, along with its witnesses and documents.

**BACKGROUND FACTS**

A.   **Modern Trade's Allegations**

The core of Modern Trade's complaint is that it owns the unregistered, common law trademark *METAL CONSTRUCTION NEWS*, which is the title of a monthly trade magazine distributed to members of the metal construction industry and, in particular, at the annual METALCON metal construction industry trade show. Modern Trade alleges that Oser Communications Group, based in Tucson, Arizona, infringes this trademark through its promotion of the *Metal Daily News* show daily, which will be distributed for the first time at this

year's METALCON show in Las Vegas in October. Modern Trade further alleges that PSMJ, the producer of the METALCON show, contributed to this infringement by authorizing or consenting to Oser's planned publication of *Metal Daily News*. Modern Trade also asserts various state and common law business torts (*e.g.*, unfair competition, deceptive trade practices) that flow from the same alleged trademark infringement. *See* Complaint [Doc. # 1], *passim*.

As argued in PSMJ's companion Rule 12(b)(6) motion to dismiss and supporting papers, Modern Trade's claims fail as a matter of law. In particular, the purported trademark *METAL CONSTRUCTION NEWS* is generic and thus unenforceable. Modern Trade may not monopolize the words "Metal Construction News" for a trade publication that contains <u>news</u> about the <u>metal construction</u> industry and that is targeted to members of the <u>metal construction</u> industry. Because Modern Trade has no protectable mark, it may not assert trademark infringement against either defendant. The remaining claims fall with the foundational infringement claims.

### B.    Modern Trade Fails to Allege Conduct in Illinois

Modern Trade fails to allege conduct that occurred in Illinois or facts that would otherwise provide a basis for the Court's jurisdiction over PSMJ. Modern Trade does not allege that any of PSMJ's conduct took place in Illinois or that PSMJ specifically targeted Modern Trade or its customers in Illinois. Nor does Modern Trade allege that PSMJ resides in Illinois or has continuous and systematic contacts there. Rather, as the sole basis for this Court's jurisdiction and venue, Modern Trade alleges merely that "Defendants have committed one or more of the acts complained of herein within the United States <u>and have caused injury to Plaintiff within this State and District</u>." Complaint at ¶¶ 6, 7 (emphasis added). There are no other allegations tying PSMJ's conduct to Illinois.

### C. PSMJ's Conduct Did Not Occur in, and Was not Targeted to, Illinois

PSMJ is a Massachusetts corporation based in Newton, Massachusetts (a Boston suburb). Complaint at ¶ 3; Declaration of Claire Kilcoyne Concerning Jurisdiction and Transfer ("Kilcoyne Decl.") at ¶ 1. Via an agreement with the Metal Construction Association ("MCA"), PSMJ produces the annual METALCON International trade show, which will be held this year on October 20-22 in Las Vegas. Kilcoyne Decl. at ¶ 2.

In addition to its headquarters in Massachusetts, PSMJ has offices in Atlanta and in Australia. *Id.* at ¶ 4. PSMJ has no offices, employees, or property in Illinois. *Id.* at ¶ 5. PSMJ's advertising and marketing do not specifically target Illinois. *Id.* PSMJ has an internet website (www.psmj.com), but it is generally for passive information purposes, except that METALCON attendees may register for the show through accessing the link to the METALCON website (www.metalcon.com) through PSMJ's website. *Id.* at ¶ 6. METALCON exhibitors, however, cannot use the website to purchase booths for the trade show. *Id.* Only about 3% of PSMJ's revenue from the METALCON show comes from Illinois residents. *Id*. at ¶ 3.

PSMJ has no oral or written agreements with Modern Trade, including any contracts for publication of any materials in connection with the METALCON trade show. *Id.* at ¶ 7. Modern Trade does not allege that it has any such agreements or contracts with PSMJ.

As prefaced in Section A above, Modern Trade asserts that Oser, based in Arizona, infringes Modern Trade's purported *METAL CONSTRUCTION NEWS* trademark by planning to distribute a trade show daily (which is different from a show guide), entitled *Metal Daily News*, at this year's METALCON show in Las Vegas. The exhibitors and attendees will be in Las Vegas, not in Illinois. *See id.* at ¶ 2. Modern Trade further alleges that the persons targeted by Oser's publication "are the same attendees and exhibitors to which Plaintiff's *METAL*

3

*CONSTRUCTION NEWS* is marketed in distributed"--again, not in Illinois, but in Las Vegas. *See* Complaint at ¶ 18. PSMJ's alleged contributory infringement is based on its dealings with Oser in Arizona, not with any conduct in Illinois. *See id.* at ¶¶ 4, 18.

## **ARGUMENT**

Modern Trade rests this Court's jurisdiction over PSMJ solely on the allegation that Modern Trade has felt harm in Illinois as a result of Boston-based PSMJ's approval of Tucson-based Oser's planned distribution publication of *Metal Daily News* in Las Vegas. Complaint at ¶ 6. Modern Trade's claims, however, do not arise out of any of PSMJ's contacts with the forum state, and PSMJ and has insufficient contacts with Illinois to support jurisdiction. Thus, the case should be dismissed under Fed. R. Civ. P. 12(b)(2), or in the alternative, transferred to the District of Massachusetts, where PSMJ and relevant witnesses and documents are located and where it would be more convenient for PSMJ to defend itself.

**I.     DISMISSAL IS APPROPRIATE BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER PSMJ**

Dismissal of an action is required if the Court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). The plaintiff has the burden of establishing a *prima facie* case of personal jurisdiction. *See Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998) (dismissing case for lack of personal jurisdiction because plaintiff failed to allege that any of defendant's acts or omissions occurred in the forum state). In Illinois, a court may exercise personal jurisdiction over an out-of-state defendant only if jurisdiction does not violate due process and if it is authorized by the Illinois long-arm statute, 735 Ill. Comp. Stat. § 5/2-209. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997) (dismissing case because defendant's prior dealings within Illinois were not substantively related to the plaintiff's


claims). Modern Trade cannot establish this Court's jurisdiction over PSMJ because it cannot show that the Court may exercise either general or specific jurisdiction here.

The Court does not have general jurisdiction over PSMJ because PSMJ does not have continuous and systematic business contacts with Illinois. Nor does the Court have specific jurisdiction over PSMJ because Modern Trade's allegations do not arise out of or relate to PSMJ's contacts within Illinois. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 (1984) (holding that defendant's forum contacts were insufficient to establish jurisdiction because the alleged misconduct was unrelated to defendant's forum-state activities).

### A.   PSMJ Does Not Have Continuous and Systematic Contacts with Illinois

General jurisdiction is permitted only when the defendant has "continuous and systematic general business contacts" with the forum state. *RAR*, 107 F.3d at 1277 (quoting *Helicopteros*, 466 U.S. at 414 n.8). PSMJ is not subject to this type of jurisdiction because it does not have such substantial contacts with Illinois.

Modern Trade has not alleged that PSMJ has *any* contacts with Illinois, let alone continuous and systematic contacts, and has thus waived any general jurisdiction argument. *See id.* (focusing on specific jurisdiction analysis when plaintiff failed to allege that defendant had systematic contacts with Illinois). PSMJ is a Massachusetts corporation with a principal place of business in Newton, Massachusetts. PSMJ does not have offices, employees, or property in Illinois. Nor does it target its advertisements to Illinois specifically. Kilcoyne Decl. at ¶¶ 1, 5.[1]

---

[1] PSMJ has used the services of two consultants based in Illinois, but these consultants are not PSMJ employees and, in any event do not target Illinois specifically. *See* Kilcoyne Decl. at ¶ 5. PSMJ's dealings with these consultants, therefore, are insufficient to establish jurisdiction. *See Neomedia Techs., Inc. v. Airclic, Inc.*, No. 04-C-566, 2004 U.S. Dist. LEXIS 6634, at *28 (N.D. Ill. Apr. 15, 2004) (granting motion to dismiss because defendant's hiring of an Illinois-based independent contractor was not enough to establish systematic and continuous contacts, especially given that the contractor's activities were not specifically directed at Illinois).


As a result, it would be unreasonable under the circumstances, and a violation of federal due process standards, for this Court to exercise general jurisdiction over PSMJ.

At last year's show in Tampa, only 17 out of 269 exhibitors were from Illinois. Kilcoyne Decl. at ¶ 3. Further, last year, only about 3% of PSMJ's revenues generated from METALCON came from show exhibitors or attendees from Illinois. *Id.* These numbers are generally indicative of the percentages of Illinois participation for each METALCON trade show over the past few years, *id.*, and are insufficient to find that PSMJ has substantial contacts with Illinois or to confer general jurisdiction over PSMJ. *See Ferris Mfg. Corp. v. S.P.R.D.*, No. 07-C-466, 2007 U.S. Dist. LEXIS 35302, at *8 (N.D. Ill. May 15, 2007) (finding no general jurisdiction because defendant's sales in Illinois constituted only 3% of total sales); *McGill v. Gigantex Technologies Co.*, No. 05-C-5892, 2005 U.S. Dist. LEXIS 32795, at *8-9 (N.D. Ill. Dec. 12, 2005) (finding that sales less than 4% in previous year to Illinois were insufficient to support jurisdiction).[2]

### B. This Court Lacks Specific Jurisdiction Over PSMJ

Given PSMJ's lack of continuous and systematic business contacts in Illinois, Modern Trade's assertion of this Court's jurisdiction over PSMJ must result from specific jurisdiction, which exists only "for controversies that arise out of or are related to the defendant's forum contacts." *Solo Cup Co. v. First Southwest Vending & Food Serv.*, No. 07-C-4384, 2008 U.S. Dist. LEXIS 54625, at *10 (N.D. Ill. July 17, 2008) (citation omitted) (dismissing for lack of jurisdiction because defendant did not travel to Illinois, did not have any contact or communication with any representatives of plaintiff in Illinois, and did not perform under an agreement with the plaintiff in Illinois).

---

[2] PSMJ's website would also not provide a basis for jurisdiction, even if some show attendees use the link to the METALCON website to register for the show. *See, e.g.*, *Drake v. Ocwen Fin. Corp.*, No. 09-C-6114, 2010 U.S. Dist. LEXIS 46195, at *16-17 (N.D. Ill. May 6, 2010) (finding that website that functioned as an advertisement was insufficient to establish jurisdiction because defendant did not specifically direct the website or its content towards users in Illinois).

To satisfy the standard for specific jurisdiction under the Illinois long-arm statute, Modern Trade's claims must actually arise out of PSMJ's contacts with Illinois. *See* 735 Ill. Comp. Stat. § 5/2-209(a); *Helicopteros*, 466 U.S. at 414 n.8. As argued below, however, Modern Trade's claims do not directly arise out of any contacts between PSMJ and Illinois. Nor can PSMJ be said to have "purposefully availed" itself of this state's laws. *See Asahi-Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 109 (1987) (finding that jurisdiction over non-resident defendant is unreasonable because defendant did not direct any activities toward forum state). For these reasons, the Court may not exercise specific personal jurisdiction here and must dismiss the case against PSMJ.

### 1. Modern Trade's Allegation of Injury in Illinois is Not Sufficient To Establish Jurisdiction Over PSMJ

The Court does not have jurisdiction over PSMJ because Modern Trade does not allege, and cannot establish, that any conduct giving rise to its claims occurred in Illinois. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (requiring a suit to involve alleged injuries that "arise out of or relate to" the defendant's forum state activities). Modern Trade does not allege that PSMJ directed its alleged activities to Illinois residents or with an intent to cause harm to Modern Trade in Illinois.[3] Indeed, it is telling that Modern Trade alleges that the defendants "committed one or more of the acts complained of herein <u>within the United States</u>," not within Illinois. Complaint at ¶ 6 (emphasis added). Clearly, Modern Trade cannot allege conduct within Illinois but must instead attempt to rely on vague conduct with the U.S. generally.

---

[3] Modern Trade does not allege any contacts between PSMJ and a third-party as a basis for this Court's jurisdiction. Even if the Court were to consider any such contacts--namely, the agreement between PSMJ and the Metal Construction Association, an Illinois corporation but a non-party to this litigation--such contacts would be insufficient to subject PSMJ to personal jurisdiction in Illinois. *See Abbott Labs, Inc. v. Biovalve Techs., Inc.*, 543 F. Supp. 2d 913, 920 (N.D. Ill. 2008) (Pallmeyer, J.) ("As a threshold matter, the court agrees with [the defendant] that it is not subject to personal jurisdiction in Illinois merely because it entered into a contract with an Illinois resident.").

Instead, Modern Trade alleges only that it has felt harm within Illinois. *See id.* at ¶¶ 6-7. This allegation, however, is insufficient to establish this Court's jurisdiction over PSMJ because mere "harm to the plaintiff in the forum is not enough." *Merrill Primack v. Pearl B. Polto, Inc.*, 649 F. Supp. 2d 884, 890 (N.D. Ill. 2009); *see also Berthold Types Ltd. v. European Mikrograf Corp.*, 102 F. Supp. 2d 928, 932 (N.D. Ill. 2000) ("Illinois does not acquire jurisdiction merely by the fact that plaintiff felt harm here"). Further, a plaintiff must also allege "targeted harm" – that is, harm arising from conduct targeted to or performed in the forum state. *Merrill Primack*, 649 F. Supp. 2d at 890. Modern Trade has not done so. Therefore, Modern Trade's mere allegations of injury in Illinois do not grant this Court jurisdiction over PSMJ.

### 2. PSMJ Has Not Purposefully Availed Itself of Illinois Law

Jurisdiction is also unwarranted because PSMJ is a nonresident defendant and has not "purposefully directed" its activities at residents of Illinois. *See* Complaint of ¶ 3; Kilcoyne Decl. at ¶¶ 4-5; *Burger King*, 471 U.S. at 472. Notably absent from the complaint is any allegation that PSMJ conducted business in Illinois or intended harm to Modern Trade in Illinois. The failure to plead these facts is fatal to Modern Trade's claims against PSMJ and necessitates dismissal as a matter of law. *See Merrill Primack*, 649 F. Supp. 2d at 890 (dismissing trademark case because defendant's only visit to Illinois was not targeted to harm plaintiff's business).

Modern Trade has not alleged that PSMJ knew that any of its actions would result in harm to Modern Trade in Illinois. The METALCON trade show is not held in Illinois, and the allegedly infringing *Metal Daily News*, which is to be distributed only at the METALCON show, is not directed to Illinois residents specifically . Kilcoyne Decl. at ¶¶ 2, 5; *see also C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F. Supp. 2d 837, 853 (N.D. Ill. 2009) (finding

8

that an international trade show that did not specifically target Illinois residents could not be considered conduct directed at a specific forum).

### 3. The Court Cannot Reasonably Exercise Jurisdiction Here

Finally, exercising personal jurisdiction over PSMJ in Illinois would be unreasonable. *See Tamburo v. Dworkin*, 601 F.3d 693, 709 (7th Cir. 2010) (dismissing case against defendant who did not act with specific purpose to injure plaintiff in Illinois). To show reasonableness, a court assesses the burden on the defendant, Illinois' interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the interest of the several states in furthering fundamental substantive social policies. *Id.*

Even if Modern Trade were able to establish PSMJ's minimum contacts with Illinois and show that the alleged claims arose out of or related to those contact, the exercise of personal jurisdiction over PSMJ would not comport with "fair play and substantial justice." *See International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945); *Burger King*, 471 U.S. at 477. As described above, PSMJ is incorporated in Massachusetts and its contacts with Illinois are minimal. Kilcoyne Decl. at ¶¶ 1, 5. Most, if not all of the witnesses through whom PSMJ could establish its defenses reside either in Massachusetts or in Arizona, home to Oser. Compelling these witnesses to travel to Illinois for trial would be burdensome and would prejudice PSMJ's ability to properly defend itself. As a result, compelling PSMJ to appear and defend itself in this jurisdiction would violate federal due process and fundamental notions of fair play. Accordingly, the claims against PSMJ should be dismissed for lack of personal jurisdiction under Rule 12(b)(2).

## II. ALTERNATIVELY, VENUE PROPERLY LIES IN MASSACHUSETTS, AND THE COURT SHOULD TRANSFER THE CASE THERE

In the alternative, this case should be transferred to the federal district court in Massachusetts pursuant to 28 U.S.C. §§ 1404 and 1406 because it would be more convenient for PSMJ to defend an action there. *See Interlochen Ctr. for the Arts v. Interlocken Int'l Camp, Inc.*, No. 01-C-7082, 2002 U.S. Dist. LEXIS 17298, at *13-14 (N.D. Ill. Sept. 12, 2002) (Pallmeyer, J.) (stating rule that transfer is appropriate if: (1) venue is proper in the transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interests of justice); *see also, e.g.*, *Habitat Wallpaper & Blinds, Inc. v. K.T. Scott Ltd. Partnership*, 807 F. Supp. 470, 474 (N.D. Ill. 1992) (granting transfer of trademark action to Massachusetts). Although the plaintiff's choice of forum is generally entitled to some deference, it is of minimal value when "none of the conduct complained of occurred in the forum." *F&G Scrolling Mouse, LLC v. Microsoft, Inc.*, 56 F. Supp. 2d 1005, 1007 (N.D. Ill. 1999) (Pallmeyer, J.).

Although Modern Trade is an Illinois corporation, there is absolutely no other connection that this Court has with the dispute in this matter. Modern Trade has not alleged that any act was done by PSMJ in Illinois or that any copies of *Metal Daily News* were advertised or distributed in Illinois or to Illinois residents. Lanham Act cases generally focus on the "activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's place of business is often the critical and controlling consideration" when deciding a motion to transfer. *Interlochen Ctr. for the Arts*, 2002 U.S. Dist. LEXIS 17298, at *16 (citation omitted). PSMJ is a Massachusetts corporation, is headquartered in Massachusetts, and has no employees or offices in Illinois. Kilcoyne Decl. at ¶¶ 1, 5. None of PSMJ's advertising activities occur in or are directed specifically toward Illinois. *Id.* All witnesses and documents pertaining to PSMJ, including any materials concerning the use of the disputed mark and PSMJ's activities with

respect to the METALCON trade show are located in Massachusetts. *Id.* at ¶ 4. Litigating this case in Massachusetts would therefore be clearly more convenient for the parties, and venue in this jurisdiction is therefore not proper. Accordingly, the Court should transfer this matter to the federal district court in Massachusetts pursuant to 28 U.S.C. §§ 1404 and 1406.

## CONCLUSION

For the foregoing reasons, Defendant PSMJ Resources, Inc., respectfully requests that this Court dismiss the Plaintiff's Complaint with prejudice for lack of personal jurisdiction. Alternatively, PSMJ requests that the Court transfer the action, pursuant to 28 U.S.C. §§ 1404 and 1406, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

**PSMJ RESOURCES, INC.**

By: /s/ Marvin A. Miller
Marvin A. Miller
Miller Law LLC
115 South La Salle Street
Suite 2910
Chicago, Illinois  60603
Tel: (312) 676-2665
Fax: (312) 676-2675
Email: mmiller@millerlawllc.com

*Of counsel*
Erik Paul Belt
Bonnie A. Vanzler
McCarter & English LLP
265 Franklin Street
Boston, MA 02110
Tel: (617) 449-6500
Fax: (617) 607-9200
Email: ebelt@mccarter.com

Dated: September 16, 2010

**CERTIFICATE OF SERVICE BY ELECTRONIC MEANS**

    I, Marvin A. Miller, one of the attorneys for Defendant PSMJ Resources, Inc., hereby certifies that on September 16, 2010, service of the foregoing PSMJ RESOURCES' MEMORANDUM OF LAW IN SUPPORT OF ITS RULE 12(b)(2) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION OR TO TRANSFER was accomplished pursuant to ECF as to Filing Users and I shall comply with LR 5.5 as to any party who is not a Filing User or represented by a Filing User.

                                                         /s/ Marvin A. Miller